**Samuel COLEMAN, Plaintiff,**

v.

**Richard BALLENTINE, et al.,**
**Defendants.**

**No. 82 C 4460.**

United States District Court,
N.D. Illinois, E.D.

April 23, 1984.

See also, D.C., 556 F.Supp. 460.

Steven Ackerman, Chicago, Ill., for plaintiff.

Aldus S. Mitchell, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Samuel Coleman ("Coleman") originally sued the Village of Robbins ("Robbins"), three of its officials (Richard Ballentine ["Ballentine"], Marion Smith ["Smith"] and Gordon Frierson ["Frierson"]) and Cook County Deputy Sheriff Al Fiorenzo under 42 U.S.C. § 1983. Only the claims against Robbins, Smith and Frierson remain, and Coleman has now moved for a default judgment against them as to liability. For the reasons stated in this memorandum opinion and order:

1. Coleman's motion is granted.

2. Final judgment will be entered after an appropriate proveup of damages.

Coleman's motion delineates defendants' many failings of record in this case. It is distressing (and frankly depressing) to recount them:

1. November 18, 1982. Coleman filed a motion for default after defendants had failed to answer or otherwise plead

---

**2.** Applications for costs are not restricted by the Rule 17(1) or any other Local Rule.

even though service had been completed by August 20, 1982. That motion was withdrawn when some defendants, stimulated by the default motion, filed a motion to dismiss November 18.

2. March 28, 1983. This Court ordered Smith and Frierson to pay $276.25 as a sanction for failing to comply with discovery requests.

3. April 1, 1983. Coleman withdrew his motion for a rule to show cause against Frierson, but only after the motion had produced belated compliance with a court order.

4. August 23, 1983. This Court ordered defendants to pay $564.50 in Coleman's attorneys' fees by September 2.

5. September 30, 1983. Coleman withdrew his motion for a rule to show cause, once more after it had prompted defendants' belated compliance with a previous court order.

6. November 3, 1983. This Court ordered Ballentine and current Robbins' police chief Carl Williams to pay $510 for their failure to appear at the times set for depositions.

7. January 26, 1984. This Court granted the preclusionary sanction of barring certain defense witnesses because of defendants' substantially belated filing of discovery answers.

8. February 24, 1984. Coleman filed a motion for default based on defense counsel's failure to help complete the Final Pretrial Order, as required by this Court's standing order. At the aborted pretrial conference, instead of granting Coleman's motion this Court (a) required defendants to pay Coleman's counsels' fees and expenses of preparing for the final pretrial conference and (b) set a briefing schedule to establish the amount involved. Defendants' counsel was specifically ordered to take the laboring oar in preparing a final pretrial order to be filed March 28.

9. March 2, 1984. Smith, Frierson and Ballentine were ordered to pay Coleman's counsel $1,126.25 within 10 days, representing fees incurred in enforcing this Court's November 3, 1983 order.

10. March 22, 1984. On Coleman's motion this Court issued a rule to show cause why Smith, Frierson and Ballentine should not be held in contempt for failure to make the payment just referred to. On March 30—the day the rule was actually returnable in open court—defendants complied with the previous court order and the rule was discharged.

11. March 28, 1984. Coleman filed the pending motion for default, based on defendants' failure to comply with this Court's February 24 order. As already stated in item 8, that order had obligated defense counsel to make up for his prior delinquency by taking primary responsibility for preparation of the final pretrial order.

And this is far from the entire story. Defendants have, for example, *still* failed or refused to answer Coleman's September 28, 1983 interrogatories, and their counsel has simply advanced disingenuous responses when this Court pressed him for a response or explanation.

That recital leaves no room for doubt whether sanctions should be imposed. Rather the appropriate inquiry is what sanction is appropriate in light of the history of this litigation and defendants' most recent failure. Coleman has requested the most drastic sanction available: a default judgment on the issue of liability.

Under the 1983 amendment to Fed.R. Civ.P. ("Rule") 16, the courts' power to deal with delinquencies of the kind displayed here has been made explicit—and indeed encouraged. Rule 16(f) authorizes sanctions on a party or his attorney for failing to obey court orders, to appear at pretrial conferences, to prepare for conferences or to participate in good faith in pretrial procedures. Nor is this a new concept, for the Rule really reaffirms a court's always-recognized inherent power to regulate litigation and "expressly provides for imposing sanctions against disobedient or recalcitrant parties or their at-

torneys, or both." Rule 16(f), Notes of Advisory Committee on Rules.

It should of course be understood this entire area of sanctions is not one in which a trial court is free to roam at will. Just after the effective date of the new amendments to Rule 16, our Court of Appeals held the ultimate sanction of dismissal with prejudice should be imposed only:

> in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.

*Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983) (per curiam); see *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981). And though the stated purpose of the 1983 amendments was to stiffen the potential for sanctions (a matter recently urged by the Chief Justice in his annual address), this Court deems *Webber* still state-of-the-art jurisprudence.

It is really an understatement to characterize defendants' conduct in this case as extreme. They have persistently flouted the system, piling delay upon delay (and imposing inordinate litigation expenses on Coleman) by their course of conduct. Their failures to answer discovery have forced this Court's imposition of both monetary and preclusive sanctions. They have then repeatedly failed to comply with the monetary sanctions or other court orders compelling discovery, in turn forcing Coleman to institute contempt proceedings against them.[1] Finally their counsel ignored this Court's explicit directive at the February 24 pretrial conference to bear the responsibility for completing the final pretrial order by March 28. Defense counsel, in his response to Coleman's motion for default, offers no excuse or apology whatever for his failure.

Defendants' actions (or more accurately inactions) have stymied Coleman's ability to proceed with this lawsuit. They and their counsel have repeatedly ignored this Court's orders and warnings regarding non-compliance. It is unreasonable to require Coleman, his counsel or this Court to engage in a constant battle against this recalcitrant and obstructionist behavior. Other less drastic sanctions have not succeeded in prodding either defendants or their counsel to devote the required attention to this case.

Accordingly this Court finds defendants' behavior warrants the imposition under Rule 16(f) of a default judgment on the issue of liability.[2] On the separately briefed issue of fees to be imposed under this Court's February 24, 1984 order (see item 8 in the earlier litany), this Court finds:

1. Hourly rates charged by both counsel for Coleman are reasonable.

2. All time spent by counsel, with the exception of eliminating 3.5 hours spent by Steven Ackerman (1.5 hours Jan. 23; 1 hour Jan. 27; .25 hour Feb. 1; .75 hour Feb. 22) to avoid any possible duplication, was also reasonable.

Those fees (as so reduced) calculate to $6,957.50.

This Court of course recognizes the severity of the dismissal sanction. But *both* the defendants and their counsel have repeatedly abused the litigation process, ignored this lawsuit and frustrated Coleman's efforts to seek justice. As *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) teaches, sins of counsel can be visited on their clients. And here defendants as well as their counsel have dragged their feet on, or wholly ignored, this Court's orders imposing monetary sanctions and compelling discovery. See discussion in *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1233–35 (7th Cir.1983). Default judgment against defendants is justified.

---

1. To the credit of Coleman or his counsel or both, with the patience of Job they consistently withdrew their motions when defendants finally complied. It may well be they were simply reluctant to compound their time (and money) expenditures by spending further time in contempt hearings.

2. This ruling moots Coleman's pending motion for preclusive findings of fact.

*Conclusion*

Coleman's motion for default judgment on the issue of liability is granted, and the proveup of damages will be set at the April 23, 1984 status call. Defendants and their counsel are jointly and severally [3] ordered to pay $6,957.50 in attorneys' fees to Coleman on or before May 7, 1984.

---

**3.** Certainly defendants' counsel is directly responsible for his delinquency, and *Link* and *Inryco* also support imposition of the sanction on defendants. Because Coleman should not be made to suffer the risks of non-collection, joint and several liability is imposed—leaving it to defendants and their counsel to allocate the financial burden among themselves.