825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John B. LINDSAY, Plaintiff-Appellant,
v.
U.S. VETERANS ADMINISTRATION, et al., Max Cleland,
Administrator, VA, George Parsons, Director,
Brooklyn VA Hospital, Baldassare Fuca,
Chief, Pers. Div., Brooklyn VA
Hospital,
Defendants-
Appellees.
 No. 85-3277
 United States Court of Appeals, Sixth Circuit.
 July 23, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lindsay ('appellant') appeals the District Court's sua sponte dismissal presumably pursuant to Fed. R. Civ. P. 16(f) of his pro se employment discrimination complaint. The District Court dismissed appellant's complaint solely for failure to file a joint pretrial statement on the date specified in the court's scheduling order, and relying additionally on information provided in affidavits filed by the bailiff and counsel for the Veterans Administration. Because the court did not afford appellant an opportunity prior to dismissal of his complaint to respond to the allegations in the affidavits, and dismissal was too harsh a sanction for the relatively brief delay in filing the pretrial statement, we vacate the judgment of the District Court and remand the case to the District Court.
 
 
 2
 Appellant filed suit in 1978 in the United States District Court for the Middle District of Georgia, where he then resided, against the United States Veterans Administration ('VA') and three VA employees. He contended that the VA, his former employer, wrongfully denied him a promotion in violation of 5 U.S.C. Sec. 702, and requested equitable and monetary relief. In September, 1980, that court, sua sponte, transferred the case to the United States District Court for the Eastern District of New York, where the action arose, after the court was advised that appellant moved to Dayton, Ohio. On February 19, 1982, the district court granted appellant's motion for a change of venue to the United States District Court for the Southern District of Ohio. The VA consented to the transfer.
 
 
 3
 On May 24, 1984, the District Court entered a scheduling order. This order required the parties to identify witnesses by October 15, 1984, set the motions cut-off date and the discovery cut-off date for December 10, 1984, directed the parties to jointly prepare and file a final pretrial order by February 4, 1985, scheduled the final pretrial conference for February 5, 1985, and set a trial date for February 18, 1985. This order also contained a copy of the court's suggested format for pretrial statements that were to be completed by both parties.
 
 
 4
 The assistant U.S. attorney assigned to the case submitted an affidavit to the court on February 19, 1985. In this affidavit, the attorney stated that she telephoned appellant on February 1, 1985 regarding the pretrial statement that was due on February 4, 1985. She stated that she offered to meet with appellant over the weekend or on the following Monday morning to prepare the joint statement. She also stated that she offered to have the statement typed by the U.S. Attorney's office since appellant was proceeding pro se. The attorney stated that appellant told her that he preferred to file his own statement. She further stated that she repeated her offer to have the statement typed and to meet with him. Appellant allegedly stated that he would not be sending her anything and that he would submit an independent statement since he believed that they could not agree on any issues. The attorney stated that she spoke to appellant again on February 6, and that appellant had promised to send her his statement when it was completed. She stated that appellant told her that the case had been pending for over seven years and that a few more weeks would not matter. She also stated that it was her understanding that the court would not assure a trial date of February 18, 1985 unless the joint statement was submitted within a few days. Finally, she stated that she submitted a pretrial statement on behalf of the VA on February 4, 1985, and was advised by the court on February 5 that the final pretrial conference scheduled for that day would not be held until a joint pretrial statement was filed. The VA's pretrial order was time stamped by the clerk's office, but it was never placed on the District Court's docket sheet. The assistant U.S. attorney's affidavit was placed on the docket sheet and a certificate of service indicated that it had been mailed to appellant on February 19, 1985.
 
 
 5
 On February 22, 1985, the District Court bailiff also submitted an affidavit to the District Court. He stated that he called appellant on February 5, 1985, and reminded him that the joint pretrial statement was due. He stated that he told appellant to contact defense counsel and that if the final pretrial statement was not filed, the trial would not go forward. This affidavit also indicated that appellant was informed on February 14, 1985 that the trial would not go forward because there was no joint pretrial statement. This affidavit was also not placed on the court's docket sheet, and did not have a certificate of service attached to it.
 
 
 6
 On February 22, 1985, nineteen minutes after the bailiff's affidavit was time stamped, the District Court sua sponte dismissed appellant's complaint stating:
 
 
 7
 Because the Plaintiff has failed to file a Joint Final Pretrial Order not later than February 4, 1985, as stated in this Court's Preliminary Pretrial Conference Order filed May 24, 1984 (Doc. #16), and, further, based upon the facts set forth in the attached Affidavits, the captioned cause is hereby ordered dismissed.
 
 
 8
 Joint Appendix at 106. The court did not afford appellant an opportunity to address the allegations specified in the affidavits prior to the dismissal and he was not notified of the dismissal until February 23, 1985. Appellant appealed.
 
 
 9
 Appellant is represented by counsel on appeal and contends that he filed a proposed pretrial order with the court on February 4, 1985. There is no copy of a time-stamped order on record, nor was one noted on the District Court's docket sheet. Additionally, the U.S. Attorney's office apparently did not receive a copy of his proposed order until April 3, 1985. However, since no show cause order was issued or any opportunity afforded appellant to respond to the affidavits, neither we nor the District Court can know what occurred.
 
 
 10
 Rule 16, through reference to Rule 37(b)(2), provides that a district court can dismiss an action for failure to comply with a pretrial order.[1] The Advisory Committee notes to this Rule provide that a district court's actions are reviewable using an abuse of discretion standard. See, e.g., Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513 (5th Cir. 1985). The Committee notes further provide that the sanction provision of Rule 16 was added to obviate dependence on Rule 41(b) or a district court's inherent power to regulate litigation.
 
 
 11
 This Court has reviewed dismissals pursuant to Rule 41(b) using an abuse of discretion standard. Absent a clear record of delay or contumacious conduct by the plaintiff, a dismissal with prejudice pursuant to Rule 41(b) constitutes an abuse of discretion. Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232 (6th Cir. 1983). If such findings are not made, 'the court is limited to lesser sanctions designated to achieve compliance' with its orders. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). This standard was adopted because of this Court's recognition that a sua sponte dismissal with prejudice is a drastic sanction that should be reserved only for extreme cases. Because of the similarities between dismissals based upon Rule 41(b) and dismissals based upon Rule 16(f) for a failure to comply with a pretrial scheduling order, we conclude that there must be a clear record of delay or contumacious conduct on the part of the plaintiff or at the very least a warning of that consequence[2] in order to support a dismissal with prejudice. E.g., Callip, 757 F.2d at 1518-19.[3]
 
 
 12
 Appellant argues that the record does not support a clear record of delay or contumacious conduct. Additionally, he contends that the court should have imposed a less severe sanction for failure to comply with the scheduling order, particularly because he was not informed that his suit could be dismissed for failure to comply with the order and appellee failed to demonstrate any prejudice resulting from the delay.
 
 
 13
 Appellee contends that the court did not abuse its discretion in dismissing the case. According to appellee, appellant had over eight months to comply with the order and received an informal extension, from February 5, 1985 to February 22, 1985, the date the case was dismissed, to comply with the order. Additionally, appellee points out that appellant brought the action almost seven years before the order was due giving him ample time to formulate the basic elements of his cause of action. His failure to do so, appellee contends, demonstrates a clear record of delay and contumacious conduct.
 
 
 14
 We believe that the District Court improperly considered appellant's conduct as described in the affidavits in dismissing appellant's action inasmuch as the court failed to give appellant an opportunity to refute the contents of these affidavits or explain his delay in failing to file the statement. Although the record reveals that appellant has caused some previous delays, the District Court stated that it relied only on appellant's failure to file a pretrial statement pursuant to the scheduling order and the affidavits in dismissing the complaint. Without affidavits, the present record does not support a finding of a pattern of delay or contumacious conduct with respect to appellant's failure to comply with the scheduling order. It shows only that the pretrial statement had not been filed when the action was dismissed eighteen days after the statement was due. Under these circumstances it was an abuse of discretion to dismiss plaintiff's complaint with prejudice.
 
 
 15
 Accordingly, the judgment of the District Court is VACATED and we REMAND this case with orders to reinstate the case on the District Court's active docket.
 
 
 
 [1]
 Subsection (f) of Rule 16 provides in pertinent part:
 If a party . . . fails to obey a scheduling or pretrial order . . . or if a party . . . fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).
 Fed. R. Civ. P. 16(f). Rule 37(b)(2), which generally deals with sanctions for failing to make discovery, permits the following pertinent sanctions:
 (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
 (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination . . ..
 Fed. R. Civ. P. 37(b)(2).
 
 
 [2]
 The bailiff's affidavit states that he warned appellant that if the pretrial statements were not filed, the trial date would be cancelled. No warning was given that the case would be dismissed
 
 
 [3]
 After the parties filed their briefs in the present case, this Court requested the parties to submit letter briefs regarding this Court's jurisdiction over the appeal. Pursuant to 28 U.S.C. Sec. 1295(a)(2), the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of appeals from final decisions of a district court 'if the jurisdiction of that court was based, in whole or in part' on 28 U.S.C. Sec. 1346(a)(2). In order to have a claim under Sec. 1346(a)(2), an individual must seek money in an amount not in excess of $10,000 against the United States and the claim must be based upon a contract or a provision of the Constitution or Act of Congress. Van Drasek v. Lehman, 762 F.2d 1065, 1068-70 (D.C. Cir. 1985). In the present case, appellant's complaint requested money damages in the amount of $10,000 and other 'further relief as justice requires.' In his letter brief submitted to this Court, appellant stated that he is not seeking monetary damages and 'is now only pursuing a claim for equitable relief pursuant to 5 U.S.C. Sec. 702 . . ..' Accordingly, appellant has waived any claim for damages and this Court has jurisdiction to hear the appeal