# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-20075
(Summary Calendar)

PATRICIA A. ANGEL,

Plaintiff-Appellant,

versus

CONSOLIDATED FREIGHTWAYS, INC.,
DANIEL PUIS, PAM DAFT, RICK IRBY,
DON MOFFITT, AND GEORGE PAYNE,

Defendants-Appellees.

Appeal from United States District Court
from the Southern District of Texas
(H-94-2998)

November 24, 1995

Before JONES, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Patricia A. Angel appeals the district court judgment dismissing her employment discrimination action and the subsequent denial of her motion for relief from the dismissal. For the following reasons, we reverse the judgment of the district court dismissing Angel's action.

## **FACTS**

On August 30, 1994, the same day in which Angel filed her employment discrimination action, the district court issued an order establishing deadlines. The district court scheduled an initial pretrial and scheduling conference for January 13, 1995 and ordered the parties to submit a joint

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

report of meeting and joint discovery/case management plan on or before January 3, 1995. The order expressly cautioned that failure to comply with the order could result in sanctions, including dismissal of the action and assessment of fees.

Angel's attorney, James R. Butler, inadvertently entered the wrong date on his personal calendar. He entered the deadlines in the month of February instead of the month of January.

Counsel for Consolidated Freightways, Inc. ("CFI"),[1] John V. Jansonius, unsuccessfully attempted to contact Butler prior to the January 3 deadline. Five days before the January 3 deadline, Jansonius also transmitted via facsimile a proposed plan, which stated that the proposal was for the "upcoming conference." Because Butler did not reply, Jansonius filed a plan for CFI and sent a copy to Butler via certified mail posted January 3.

Butler never filed a joint report of meeting or a joint discovery/case management plan. On January 9, 1995 the district court signed an order dismissing Angel's case because her attorney violated his order. Butler discovered his calendaring mistake when he received a call from the court canceling the pretrial and scheduling conference because the judge had signed an order of dismissal. Four days later, Angel filed a Motion for Relief from Judgment and Order of Dismissal. After the court denied the motion, Angel instituted two separate appeals, one from the order of dismissal and one from the order denying her Motion for Relief from the Judgment and Order of Dismissal, which were consolidated by this Court.

## DISCUSSION

A. *FINDING OF AN AGGRAVATING FACTOR*

The primary issue in this appeal concerns whether the district court properly sanctioned the noncompliance of its scheduling order by dismissing Angel's employment

---

[1]Although Angel named several defendants in her action, she only served Consolidated Freightways, Inc. Thus, Consolidated Freightways, Inc., Is the only defendant who has appeared and participated in this action.

discrimination action.[2]  Angel argues that because her suit is now time barred, the practical effect of the district court's dismissal is a dismissal with prejudice.  She claims that the drastic sanction of dismissal with prejudice is not justified in the present case because none of the aggravating factors recognized by this Circuit are present: (1)Angel did not contribute to the violation of the order; (2) CFI is not prejudiced by the delay; and (3) the delay was not intentional.  Therefore, she maintains that the district court abused its discretion by dismissing her cause of action.[3]

On the other hand, CFI contends that because the district court made a factual finding, which Angel does not dispute, that Butler's noncompliance with the scheduling order constituted "willful indifference," dismissal is an appropriate sanction.  Further, CFI underscores the sanctity of the district court's discretion to impose sanctions in order t o advance the expeditious and orderly prosecution of cases on its docket.

We agree with Angel that we should treat the dismissal as a dismissal with prejudice because Angel's action is time barred.[4]  When a timely filed action under Title VII or the ADA is dismissed after the expiration of the 90 day filing period, the plaintiff effectively is prohibited from refiling the action.  See Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992) (dismissal was considered as one "with prejudice" because the act ion was time barred under Title VII).  We review a dismissal with prejudice for failure to prosecute for abuse of discretion, id. , and we review the factual findings upon which the dismissal is based under the clearly erroneous standard, John v. Louisiana, 899 F.2d 1441, 1447 (5th Cir. 1990).

---

[2]The district court apparently dismissed Angel's claim without notice or opportunity to present reasons for violating the scheduling order.  Because Angel did not argue to the district court or in her brief t hat the dismissal violated her due process rights, we cannot consider this argument.  See Williams v. Brown & Root Co., 828 F.2d 325, 329 n.9 (5th Cir. 1987).

[3]Angel also mentions repeatedly that the district court dismissed her action on its own motion. "The fact that the sanction[] [was] initially sought on the court's own motion, rather than that of the defendants, is irrelevant."  John v. Louisiana, 899 F.2d 1441, 1447 (5th Cir. 1990). Rule 16(f) allows the court to dismiss an action on its own motion as a sanction.

[4]This Court has previously noted the appropriateness of analyzing a dismissal with prejudice under Federal Rule of Civil Procedure 16(f) using the extensive caselaw developed under rule 41(b).  See Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1518 (5th Cir. 1985).

The dismissal with prejudice is a drastic remedy. Imposition of this extreme sanction should be limited to cases in which a "lesser sanction would not better serve the interests of justice." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981). Although the district court may dismiss an action for failure to prosecute under its inherent authority, "the threshold for use of this sanction is high." Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995). We have repeatedly cautioned that the court must exercise this power with "restraint and discretion." Id.; see also Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (after noting that "the sanction of dismissal with prejudice is reserved for the most egregious circumstances," the court reversed the dismissal because the offense was not serious and the court could have employed lesser sanctions); Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) ("In the past, we have found that lesser sanctions would suffice in all but the most flagrant circumstances.").

Accordingly, we will not affirm a dismissal with prejudice for failure to prosecute unless we find the presence of one of the following aggravating factors: (1) delay attributable directly to the plaintiff, rather than his attorney, (2) actual prejudice to the defendant, (3) delay caused by intentional conduct. Callip, 757 F.2d at 1519.

Looking at the face of a cold record, it is impossible for us to see an attorney's defiant sneer or hear his raised voice to the court. Neither can we know of informal extensions or off-handed reprimands, which often occur prior to the transgression at issue on appeal, because informal discussions rarely appear in the record. Nonetheless, the district court, who has developed a history with the attorneys and parties in the context of the case, weighs these events when assessing the egregiousness of an attorney's breach, and rightly does so. In light of all the circumstances in a case, the district court is in the best position to determine whether a particular error by an attorney was committed in bad faith. We are therefore obligated to respect the factual determinations of the district court and reverse them only upon a showing that the findings are clearly erroneous.

Here, Angel apparently argues that the record bespeaks only one prior deadline missed by Butler, and that this one infraction resulted in the loss of Angel's entire action. However, the

district court, which was in a better position to know al l the conduct of the attorneys, considered several facts when deciding to dismiss the case.  Compare E.F. Hutton & Co. V. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972) ("The single mistake of counsel as to the pre-trial conference date certainly will not suffice for . . . a showing [of a clear record of delay or contumacious conduct.]").   In the Order of Dismissal, the district court concluded that Butler had no excuse for failing to comply with the order.  The scheduling order had warned that noncompliance could result in dismissal.  Further, Butler did not request an extension of time.  At this time the court was also aware that Butler failed to respond to Jansonius' proposed plan because Jansonius represented this fact to the court when timely submitting the plan he did without Butler's input.

In the Order Denying Relief from Judgment, the district court made further findings that But ler was "more than merely inadvertent or negligent in recording in his personal docket a court-ordered setting," rather Butler's actions amounted to "willful indifference" to the Court's Order and the discovery rules.  The Court's findings are as follows:

> [I]n her Motion for Relief, Plaintiff's counsel states that he had "intended a meeting with opposing counsel . . . duri ng the week of January 16, 1995."  It is clear fro m the submissions that no prior meeting was held by the parties as required by Fed. R. Civ. P. Rule 26(f) and the Court's Order for Conference, and Defendant's counsel has denied -- and Plaintiff's counsel does not contend -- that any arrangements had actually been made for any meeting at all.
>
> After having carefully reviewed Plaintiff's motion, and the arguments in support and in opposition thereto, the Court finds that Plaintiff has been more than merely inadvertent or negligent in recording in his personal docket a court-ordered setting.  The subsequent communications from Defendant and efforts on Defendant's part to cooperate in the timely filing of the required Joint Discovery/Case Management Plan, and failures of Plaintiff's counsel to respond to Defendant with regard to this case, in the aggregate all suggest a willful indifference to the Court's Order and to the requirements of Rule 26, Fed. R. Civ. P.  Plaintiff has failed to show mistake, inadvertence, surprise, or excusable neglect of the nature required by Fed. R. Civ. P. Rule 60(b). . . .

The district court in the present case detailed its findings in its orders.   The court's finding that Butler's actions were "more than merely inadvertent or negligent" and demonstrated "willful

5

indifference" are sufficient to raise Butler's error to the level of the contumacious or intentional "aggravating factor" contemplated by this Court in Callip. See 757 F.2d at 1519.

We cannot say that the finding of "willfulness" is clearly erroneous. Butler may have mistakenly recorded the wrong date for the conference and the deadline; however, the court determined that this error exceeded the negligence threshold in light of Butler's other actions regarding the defendant's counsel. Further, the district court drew reasonable inferences from Butler's failure to be entirely candid with the court. Thus, we must accept as true the district court's finding that Butler's conduct was more than negligent and willfully indifferent, conduct amounting to an aggravating factor which can support the sanction of dismissal.

B.    *FINDING REGARDING ALTERNATIVE SANCTIONS*

The finding of an aggravating factor does not end our inquiry. We have indicated that even when an attorney exemplifies contumacious conduct, an attorney should receive a lesser sanction prior to dismissal if it would adequately address the violation. See Berry, 975 F.2d at 1191 ("We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) *the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile*." (emphasis added)). Just as the district court must make factual findings regarding the presence of an aggravating factor, it must make factual determinations to support the conclusion regarding the inadequacy of alternative sanctions. A general, conclusory statement that lesser sanctions would not prompt prosecution will not support a dismissal.

Accordingly, dismissal can only stand upon (1) an expressed finding that an aggravating factor is present, and (2) an expressed finding that the district court considered or actually imposed alternative sanctions before implementing the sanction of last resort. See Callip, 757 F.2d at 1521 (noting that the court cannot affirm dismissal unless the district court made expressed findings that it considered alternative sanctions and determined that they would not prompt diligent

6

prosecution or that the record reveals that the court previously imposed lesser sanctions); Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984) (explaining that the district court must expressly consider alternative sanctions because these factual findings are important in the review of whether the court abused its discretion and then remanding for expressed findings); Rogers v. Kroger Co., 669 F.2d 317, 321-22 (5th Cir. 1982) (after noting that "there is nothing in the district court's order and opinion or the record indicating that less severe sanctions were considered and found to be futile or contrary to the interests of justice," and that "[t]he district court could very well have found one or more of these sanctions efficacious in this case," the court remanded so that the district court could impose a lesser sanction).

Here, Butler received a warning in the scheduling order that dismissal *might* result from his failure to comply with the order. The scheduling order warning cannot serve as a substitute for the imposition of lesser sanctions, and does not therefore satisfy the alternative sanctions requirement.

Further, although the district court gave detailed findings that Butler's violation was willful, the order is void of expressed findings that a lesser sanction would have been futile. The record does not evidence any previous sanction rendered by the court that Butler ignored. The record does not demonstrate that the court had any reason to fear that Butler would further disregard its order if sanctioned with fines, costs, or damages instead of dismissal. We are not in a position to assume that alternative sanctions would be ineffectual in a given situation. Therefore, we hold that the sanction of dismissal cannot survive in the absence of an expressed finding that alternative sanctions were considered or previously employed. Accordingly, the district court in the present case abused its discretion by dismissing Angel's case without first imposing a lesser sanction or expressly finding that lesser sanctions would have been futile.

## C.   *SEVERITY OF THE SANCTION*

The final phase of our review requires us to weigh the infractions against the draconian penalty of dismissal. Accepting the finding of willfulness, we do not share the trial court's opinion

7

that Butler's actions warranted dismissal rather than a lesser sanction, and the district court has given us no findings regarding the inadequacy of alternative sanctions because of the peculiar circumstances of this case. In F.D.I.C. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994), we reversed a judgment of dismissal because the plaintiff's conduct "did not exhibit the degree of delay or contumacy that justifies dismissal of all claims." There, the FDIC filed a groundless motion for protective order, filed a motion for extension of time, and filed responses in violation of the court's order. Although the FDIC's conduct warranted sanctioning, it did not merit dismissal based on the record presented on appeal.

Similarly, Butler's willful conduct admittedly deserves punishment; however, the district court's current findings do not support the penalty imposed. If Butler's overall demeanor in court was disrespectful or if the district court previously had reprimanded Butler informally off the record in this case or another case, the district court has failed to convey these events in its findings. Consequently, there is a gulf between the violation and punishment in the present case. Even if the district court considers an alternative sanction, when great disparity exists between the aggravating factor and the sanction imposed, we must conclude that the district court abused its discretion. Remand is necessary to allow the district court an opportunity to more closely match the sanction with Butler's infractions.

Because we are reversing the judgment of dismissal, the appeal from the judgment denying Angel relief from the judgment of dismissal is moot. Therefore, we do not address the merits of either party's arguments regarding that appeal.

## CONCLUSION

For the foregoing reasons, we REVERSE the judgment dismissing the plaintiff's action and REMAND for imposition of a lesser sanction.

8