# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30824
Summary Calendar

ERIC VON DRAKE

Plaintiff - Counter Defendant - Appellant

v.

EDGAR LYNN ROGERS; ANGELA ROGERS

Defendants - Counter Claimants - Appellees

GARY LOFTIN; ROY L. BRUN; CHARLES R. SCOTT, RONALD LEE IRVIN

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
No. 08-cv-0038

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eric Von Drake sued his brother, Edgar Rogers, and his brother's wife in tort over a property dispute. His complaint also included actions against three

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana state court judges, Defendants Brun, Scott, and Irvin, and a clerk of court, Defendant Loftin, alleging racial discrimination.

In an order rendered June 13, 2008 the district court dismissed the action against the three judges based on judicial immunity. In a July 28, 2008 order, the district court dismissed the claims against the Rogers and Loftin. Drake appeals.

Regarding the district court's June 13 order dismissing the actions against the judges, although Defendants argue that Drake failed to file a separate notice of appeal within 30 days,[1] Drake did file a general notice of appeal from the final judgment entered July 28, 2008. Regardless, the district court found that the alleged conduct of the judges fell within their official judicial capacity and it did not err in dismissing the action against the judges on the grounds of judicial immunity.[2]

The district court's July 28, 2008 order dismissed Drake's claims against clerk of court, Gary Loftin, and the Rogers. The district court's order dismissed the claims against Loftin because Drake failed to file a Rule 7 reply after Loftin answered Drake's complaint with a defense of qualified immunity. With his answer, Loftin filed a motion requesting the court to order Drake to file a Rule 7 reply, which the district court granted.[3] Drake never filed the reply. We find that the district court acted within its discretion in dismissing the claims against Loftin.[4]

---

[1] 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a).

[2] *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

[3] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

[4] *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518–20 (5th Cir. 1985).

On the claims against the Rogers, the district court found that Drake did not produce any evidence that created a genuine issue of material fact on any of the elements of his state law tort claims. We note that Drake has come forward with no facts to support his alleged causes of action in response to either of the Rogers' summary judgment motions, the second of which was granted. Accordingly, we affirm the district court's grant of summary judgment.[5]

The district court also addressed the Rogers' counterclaim against Drake for $1,500 as damages for Drake's frivolous action. While the district court order labels its action as granting the Rogers' motion for summary judgment, the district court was effectively imposing sanctions on Drake. A trial court is given wide discretion over the imposition of sanctions.[6] Drake never came forward with any evidence supporting any of the claims he brought in this action and failed to file responsive pleadings. We cannot find that the sanctions amounted to an abuse of discretion.

The district court's order of July 28, 2008 is AFFIRMED.

---

[5] *See Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257–58 (5th Cir. 2001) ("[I]f the nonmovant fails to establish facts in support of an essential element of his *prima facie* claim, summary judgment is appropriate.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[6] *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).