**Eartha Lorraine BLUITT,
Plaintiff-Appellant,**

v.

**ARCO CHEMICAL COMPANY, A DIVISION OF ATLANTIC RICHFIELD COMPANY, Defendant-Appellee.**

No. 84–2705.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1985.

Anthony P. Griffin, Inc., Anthony P. Griffin, Galveston, Tex., for plaintiff-appellant.

William Beteet, Jr., Houston, Tex., for defendant-appellee.

Appeal from the United States District Court for the Southern District of Texas.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Eartha Lorraine Bluitt appeals from the district court's order dismissing with prejudice her employment discrimination case. Pursuant to rules 37(b)(2), 26(f) and 16(f) of the Federal Rules of Civil Procedure, the district court found that Bluitt and her counsel willfully and contumaciously failed to comply with the court's orders concerning discovery, and that she answered interrogatories propounded to her evasively and in bad faith. Because the district courts are imparted discretion in deciding such matters, we may alter such a dismissal only if we find that the court abused its discretion when, as a sanction for Bluitt's failure to comply with the court's discovery orders, it dismissed her complaint. Whether or not the members of this appellate court would themselves have acted in like fashion under the same circumstances is not controlling. Having reviewed the entire record, we conclude that the discretion conferred upon the district court was ample enough to authorize the action it took, and we affirm its judgment.

## I.

The complaint in this action was filed June 29, 1983. It alleged that Arco Chemical Company violated Title VII of the Civil Rights Act of 1964[1] when it discharged Bluitt because of her sex. On October 24, 1983, the first pretrial conference was held and the trial date was set for May 21, 1984. On April 4, the district court granted Bluitt's motion to suspend the docket control order and granted Arco's motion to compel her to fully answer interrogatories by April 6, 1984.

By June 20, 1984, the interrogatories were still not answered satisfactorily and a conference was held to discuss Bluitt's delay in completing discovery. The court awarded monetary sanctions against Bluitt's attorney and again ordered her and her attorney to fully answer the interrogatories.

Another conference was held on September 26, 1984. The court again ordered Bluitt to specifically and fully answer the interrogatories by October 8, 1984, or "suffer dismissal" of the cause of action. The court noted that two interrogatories contained information that went to the heart of Bluitt's claim and that Arco, without

---

**1.** 42 U.S.C. § 2000(e).

such information, could not properly prepare its case. Part of the exchange that occurred between the court and Bluitt's lawyer during this hearing follows:

> The Court: I'll give you ten days to answer or I'll dismiss it in accordance with what he's requested. The information is buried here in a bunch of mishmash that doesn't make any sense. I'm tired and I'm fed up with these conferences with you and I'm not going to put up with any more. You've got ten days to answer—
>
> Mr. Griffin: Which interrogatory are you talking about?

> The Court: Eightenn and nineteen will be answered in a satisfactory manner. If you don't I'm going to dismiss the case ...
>
> But, those interrogatories named A, B, C, D, whatever, under A you answer what he asks you in A. Under B, what he asks in B. And in C, answer what he asks you in C. Don't put it all in one paragraph and just mishmash the thing, it doesn't make any sense. I don't want to have any more meetings about it. Next time I'm not going to have any more meetings. I'm going to rule on this on the record after you get your answer. I'll just rule on that.

The court thus gave counsel a clear command and an unambiguous warning of the consequences that might ensue if the two interrogatories were not answered.

On November 1, 1984, the court granted the defendant's motion to dismiss. In its Memorandum and Order of Dismissal, the court found that the plaintiff and her attorney "violated both the spirit and the letter of Rules 33 and 16" of the Federal Rules of Civil Procedure. The court stated

> [t]he Plaintiff answered the two interrogatories but did not do so fully or specifically. In particular, the Plaintiff names one individual as the "main perpetrator" but does not list the *other* perpetrators. No dates are furnished. Statements al-

legedly made are set forth in a very general, rambling fashion, but there is no indication of the identity of the speakers. Finally, the Plaintiff simply refuses to name any male employees she alleges were treated similarly by the Defendant. These answers smack of evasiveness and bad faith on the part of the Plaintiff and her counsel.

> \*    \*    \*    \*    \*    \*

In light of the entire record in this case, the court concludes that this evasive and contumacious conduct has resulted, at least in part, from intentional misconduct. The imposition of a sanction less harsh than dismissal would be futile since previous orders entered herein have been disregarded.

## II.

In *Batson v. Neal Spelce Associates, Inc.*,[2] we recently reviewed the scope of appellate review in determining whether a dismissal pursuant to Fed.R.Civ.P. 37(b)(2)(C) constitutes an abuse of discretion. The court discussed the factors to be considered in reviewing the district court's action:

> In determining whether a district court abused its discretion, our precedent has addressed a number of considerations. First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. *National Hockey League [v. Metropolitan Hockey Club, Inc.]*, 427 U.S. [639] at 640, 96 S.Ct. [2778] at 2779 [49 L.Ed.2d 747 (1976)]; *see also Marshall v. Segona*, 621 F.2d 763, 767 n. 8 (5th Cir.1980). Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Marshall*, 621 F.2d at 768. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's sim-

---

**2.** 765 F.2d 511, 512 (5th Cir.1985).

ple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Marshall,* 621 F.2d at 768; *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 385 (5th Cir.1978).[3]

The district court specifically found that plaintiff and plaintiff's attorney's failure to comply with the court's discovery orders resulted from willfulness or bad faith. Substantial evidence in the record supports these findings, we do not find them clearly erroneous.[4] The lower court also found that a sanction less harsh than dismissal would be of no avail because previous orders had been disregarded.[5] Also, plaintiff's attorney was given explicit warnings that failure to comply with the court's orders would result in dismissal. The court's statement that Bluitt failed to give information about male employees similarly situated indicates a possible misunderstanding of the contention that male employees were *not* similarly treated, but it may also indicate that the court was referring to a lack of evidence that male employees who were treated differently were so similarly situated that their differing treatment suggested discrimination. Even if the interpretation urged by Bluitt is correct, the misunderstanding does not mitigate the force of the other findings.

The sanction of dismissal is an extreme remedy, one to be applied only as a last resort. But the district court's discretion under rule 37 is broad, and, as the Supreme Court emphasized in *National Hockey League v. Metropolitan Hockey Club, Inc.,*[6] "the question, of course, is not whether this Court, or whether the Court of Appeals, would as original matter have dismissed the action; it is whether the District Court abused its discretion in so doing."[7]

Though we may have imposed a lesser sanction, we do not find that the district court abused its discretion in dismissing plaintiff's case. Three times the court ordered plaintiff to more fully answer defendant's interrogatories. Neither plaintiff nor plaintiff's attorney argued that they were confused by the court's orders or that they were unable, for whatever reason, to comply fully with the court's requests. Rather, on appeal, plaintiff argues that the answers given were satisfactory, or, in any event, not so egregious as to warrant dismissal of the plaintiff's case. But it is not merely the content of the answers to the interrogatories that prompted the court's final order; the plaintiff's conduct during the entire proceedings was considered by the court. It concluded that the plaintiff's and her attorney's conduct was evasive, contumacious, and "resulted, at least in part, from intentional misconduct." We do not find these conclusions clearly erroneous; neither do we find the sanction imposed pursuant to these findings an abuse of discretion. The decision below is therefore AFFIRMED.

---

3. *Id.* at 514.

4. *See Emerick v. Fenick Indus., Inc.,* 539 F.2d 1379, 1381 (5th Cir.1976); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917, 920 (5th Cir.1974).

5. *See Batson v. Neal Spelce Assoc., Inc.,* 765 F.2d 511, 512, 516 n. 2; *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984).

6. 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

7. *Id.* at 642, 96 S.Ct. at 2780, 49 L.Ed.2d at 751.