**Linda A. PRICE, Plaintiff-Appellant,**

v.

**Andrew "Duke" McGLATHERY, Jr., Individually and as Mayor of the City of Logansport, Defendant-Appellee.**

No. 85–4936
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 12, 1986.

---

Frank E. Brown, Jr., Shreveport, La., for plaintiff-appellant.

Pugh & Pugh, Robert G. Pugh, Shreveport, La., for defendant-appellee.

Before REAVLEY, HIGGINBOTHAM, and HILL, Circuit Judges.

PER CURIAM:

On this appeal plaintiff Linda A. Price contends that the district court abused its discretion in dismissing her case because of her attorney's failure to comply with certain orders of the district court and in doing so without first affording her a hearing. Concluding that Price's attorney's conduct justified the dismissal and that no predismissal hearing was required, we affirm.

## I.

Price brought this civil rights suit against "Duke McGlathery, Jr., individually and as the mayor of the City of Logansport." On October 4, 1983, the district court entered an order directing the parties to submit a pretrial order by March 15, 1984, in accordance with standing pretrial instructions, setting a pretrial conference on March 30 and setting trial for the week of April 16–20. Price's counsel failed to timely file a pretrial order in accordance with the standing pretrial instructions. On March 28 the district court ordered the case removed from the pretrial and trial docket and stayed further proceedings until Price's counsel informed the court in writing that he would comply with the standing pretrial instructions and Fed.R.Civ.P. 16. Counsel for Price then submitted an unsigned pretrial order and a note that he intended to file a continuance due to a conflicting trial setting. The court by order of April 17 continued the stay since counsel failed to certify his intent "to comply with the standing pretrial instructions and Rule 16." On March 1, 1985, the court by order dismissed the case because of Price's counsel's failure to certify that "he is prepared to comply with the orders of this court, despite the passage of more than 10 months." On April 19 counsel filed

a motion to reinstate the complaint stating that counsel for defendant refused to communicate with him concerning complying with the standard pretrial instructions. On April 30 by minute entry the court reinstated the complaint; however, the court warned Price that she had only "one last opportunity in which to comply with the orders of this Court." On May 31 the parties filed a joint pretrial order. On July 19 the court again set the case for a pretrial conference on November 8. However, counsel failed to appear at the pretrial conference and the court dismissed the case pursuant to Fed.Rs.Civ.P. 16(f) and 37(b)(2)(C). This appeal followed.

## II.

Federal Rule of Civil Procedure 16(f) provides that the court may impose sanctions for failure "to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference." The same criteria developed for evaluating dismissals for failure to prosecute under Fed.R.Civ.P. 41(b) are to be applied in a rule 16(f) case. *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1518–19 (5th Cir.1985).

We will uphold a district court's involuntary dismissal with prejudice absent an abuse of discretion. *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 251 (5th Cir.1984). However, since dismissal is a harsh sanction, we will affirm only if a "clear record of delay or contumacious conduct by the plaintiff" exists and "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). Additionally, most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Callip*, 757 F.2d at 1519.

## A.

 Applying the above standards, we are of the opinion that the district court did not abuse its discretion in dismissing this action. Price failed to file a pretrial order in March 1984, and, as a result, the court stayed the case; a short time later the court continued the stay since Price's counsel failed to certify his intent to comply with the standing pretrial instructions and procedural rules; nevertheless, nothing happened for over ten months. The district court then dismissed the case; Price finally responded with a motion to reinstate contending that the defendant had refused to cooperate in the pretrial proceedings. However, Price gave no explanation in the motion to reinstate as to why counsel failed for almost a year to certify that he would comply with the standing pretrial instructions and rules. Likewise, Price's counsel did not state why he did not complain about the purported dilatory conduct of defense counsel for an entire year. Nevertheless, the district court reinstated the complaint, but in doing so warned Price that she had only "one last opportunity" to comply with the court's orders. Then, inexplicably, Price's counsel failed to show up at the pretrial conference in November 1985. The record discloses that a clear pattern of delay and contumacious conduct existed and amply supports the district court's conclusion that a "history of disobedience to this court's Orders" occurred.

The case law also reveals that the delay here sufficiently supported the dismissal. For example, in *Hyler v. Reynolds Metal Co.*, 434 F.2d 1064 (5th Cir.1970), *cert. denied*, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971), we held that a failure to appear at the pre-trial conference and a nine month refusal to amend the complaint was sufficient delay to support dismissal. Here, a ten-month period of inaction while the stay was in effect and the failure to appear at the pre-trial conference show the delay. *See also Callip*, 757 F.2d at 1521 (clear delay shown by examples of delay at every stage of the proceedings); *Porter v. Beaumont Enterprise and Journal*, 743 F.2d 269, 272 (5th Cir.1984) (clear delay shown when plaintiff first failed to pay

process-server, then waited eight months and then waited five more weeks after hearing on dismissal motion to try service again); *Lopez v. Aransas City Ind. School Dist.*, 570 F.2d 541, 544 (5th Cir.1978) (announcing "ready" for trial on June 13 and then asking for a continuance on June 24 was sufficient to support dismissal).

Price argues here that the delay was "unintentional." *See Burden v. Yates*, 644 F.2d 503, 505 (5th Cir.1981) (failure to comply with court's orders was negligent and not purposeful delay supporting dismissal); *see also Morris*, 730 F.2d at 253 (same); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558 (5th Cir.1981) (same). Specifically, Price points to the defendant's refusal to meet for the pretrial order as the reason for the stay from March 1984 to March 1985. However, Price's counsel nevertheless fails to explain why he failed for ten and one-half months to certify to the district court that he would comply with the court's order. Only after the court dismissed the case in March 1985 did counsel finally take action. The district court's holding that Price had a "history of disobedience to this court's Orders," is supported by the record. Thus, a "clear record" of both delay and contumacious conduct existed in this case.

### B.

The second part of the test, that lesser sanctions would not serve the best interests of justice, was also satisfied here. The district court first sanctioned Price with a stay in March 1984. The court dismissed the case in March 1985 which finally induced Price to respond. After the court reinstated the complaint in April 1985, Price's counsel failed to appear at the scheduled pretrial conference in November 1985. Given the stay, the previous dismissal and the reinstatement, the district court concluded that the only appropriate sanction was dismissal. The lesser sanctions previously imposed "failed to deter the conduct," making the sanction of dismissal proper. *Burden*, 644 F.2d at 505. Lesser sanctions would not serve the best interest of justice.

An evaluation of the "aggravating factors" set out in *Callip*, 757 F.2d at 1519, also leads us to conclude dismissal was the appropriate remedy. Although nothing in the record indicates that Price herself was at fault (instead her attorney seemed to be the problem), and nothing in the record shows that the delay prejudiced the defendant, the third aggravating factor, intentional conduct, was present here. The presence of one aggravating factor, along with the record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Callip*, 757 F.2d at 1519.

We also note that the United States Supreme Court has held "that the failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 635, 82 S.Ct. 1386, 1391, 8 L.Ed.2d 734 (1962). Here, as in *Link*, there was a failure to appear at the pretrial conference in the context of other delay. The question is not whether we would have dismissed this action but whether the district court "abused its discretion in so doing." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). *Link* and the test of *Kroger* dictate the result that the district court did not abuse its discretion.

### III.

Price makes two other arguments. First, she contends that she was entitled to a hearing before the dismissal. However, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Price also contends that she received no notice of the pretrial conference that counsel failed to attend. She seems to contend either that the clerk never sent it, that it was lost, or that her counsel's for-

mer partner stole it. However, counsel never made a Fed.R.Civ.P. 60(b) motion to explain his absence to the trial court. Thus "there is nothing in the record before us to indicate that counsel's failure to attend the pretrial conference was other than deliberate or the product of neglect." *Link*, 370 U.S. at 636. The record indicates that the pretrial conference schedule was sent to "Brown" and "Pugh," the two attorneys of record. Absent a rule 60(b) motion, the record shows that Price's counsel received notice of the pretrial hearing. The complaints about no notice, raised for the first time on appeal, should not be considered.

The district court's dismissal with prejudice is AFFIRMED.