Alex JOHN, Jr., Plaintiff-Appellant,

v.

**STATE OF LOUISIANA, et al.,**
**Defendants-Appellees.**

No. 87–4130
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1987.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Bonfin, Heller, Steinberg & Berins, Robert A. Kutcher, New Orleans, La., for defendants-appellees.

Before RUBIN, HIGGINBOTHAM, and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Dr. Alex John, a tenured black university administrator formerly employed at Northeast Louisiana University, resigned after being demoted from Dean of University Relations to full-time assistant professor. He challenged his demotion as a constructive discharge motivated by race discrimination in violation of Title VII [1] and 42 U.S.C. sections 1981 and 1983. Faulting John's attorney, David T. Lopez, for the dilatory conduct of the suit over a five-year period, the district court dismissed the suit with prejudice. Although the record provides ample support for the district court's imposition of sanctions, it fails to support any finding of contumacy by Lopez or any participation by Dr. John in Lopez's conduct. Under these circumstances, lesser sanctions would have best served the interests of justice, and we therefore reverse the dismissal with prejudice, remanding the case with recognition of the district court's power to impose such sanctions against Lopez, as counsel, as the court may see fit.

## I.

Trial of this case has been long and repeatedly delayed, but not always because of Lopez's defaults. Dr. John first employed other counsel whom Lopez succeeded in February, 1983. Lopez failed to respond to the university's outstanding interrogatories and requests for documents until June, 1983, when a United States magistrate issued an order compelling discovery. In this order, the magistrate referred to the merits the university's request for costs and attorney's fees resulting from the failure to respond, and, because the merits were never reached, that motion was never acted on.

One year later, in June, 1984, the district court granted the university's motion for summary judgment, relying in part on Lopez's failure to respond to the motion. This court, however, reversed, discerning in the record genuine issues for trial, and finding that, because the movant bears the initial burden of demonstrating the absence of genuine issues of material fact, the opposing party's failure to respond cannot alone support a summary judgment.[2]

Following remand, the district court scheduled trial for April 14, 1986, ordering that a pretrial conference be held on March 27 and a pretrial order filed by March 14. The court's standing pretrial instructions made counsel for the plaintiff responsible for serving on counsel for the defendants a brief statement of the proposed contents of the pretrial order at least twenty-five days before its filing date. Because Lopez missed the twenty-five day deadline, the pretrial order was not filed on schedule. Lopez attributes the tardiness in part to the university counsel's delay in adding their contributions to the order but admits that the omission was primarily due to his own involvement in another trial at the time.

Not having received the pretrial order on March 25, the district court dismissed the case. Unaware of the dismissal, Lopez appeared for the March 27 conference, with pretrial order in hand, only to find that the case had been struck from the docket. He

---

1. 42 U.S.C. §§ 2000e–2000e–17 (1982).

2. *John v. Louisiana,* 757 F.2d 698, 708–09, 710–13 (5th Cir.1985). *But cf. Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194–98 (5th Cir.1986).

moved to reinstate the action, and the district court granted the motion.

After reinstatement, the court set a pretrial conference for November 14, 1986, and the trial for December 15. Although the parties filed the pretrial order in time for the conference, which all attended, the district court found the order insufficient under its standing pretrial instructions and required the parties to consider additional stipulations and to submit proposed findings of fact and conclusions of law. The court also ordered the conversion of lists of potential witnesses to lists of witnesses who would, in fact, be called and established a briefing schedule for an in limine motion by the university requesting that the court declare certain of its prior findings the law of the case.

Lopez neglected to file Dr. John's proposed findings of fact and conclusions of law and to convert his witness list. His response to the university's motion in limine was a week late. When the parties and their counsel appeared for trial on December 15, the district court announced sua sponte that it would hold a hearing to decide whether to dismiss the case with prejudice because of Lopez's misconduct. The defendant had neither sought dismissal nor, before that moment, contended that it had been prejudiced by Lopez's delay. After the hearing, in which Lopez informed the court that he had been seriously ill with influenza, the court dismissed the suit with prejudice. It later denied Lopez's motion for reconsideration, and this appeal followed.

## II.

■ Federal Rule of Civil Procedure 16(f) provides that a court may impose penalties, including dismissal with prejudice, "[i]f a party or party's attorney fails to obey a scheduling or pretrial order." [3] Because dismissal with prejudice is the ultimate penalty, a district court should employ this sanction only when there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interests of justice." [4] In addition, a district court should consider aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional.[5] Because, however, district courts are most familiar with the actual conduct of counsel, some of which may not be fully reflected in the record, the adequacy of various sanctions, and the exigencies of their own dockets, we confide discretion in them, altering a decision to dismiss a suit with prejudice only when imposition of this sanction amounts to an abuse of discretion.[6]

■ Although the district court was justifiably provoked by Lopez's ineptitude and procrastination, we cannot accept its findings of a clear record of delay or contumacy. The major interruption in this litigation, a two year period from 1984 to 1986, resulted from the district court's grant of summary judgment and its subsequent reversal on appeal. The costs of that appeal were charged to the university, not to Dr. John.[7] Lopez did, however, impede progress by his tardy response to discovery requests, his late submission of a pretrial order, and his failure to make timely filings during the two weeks before the trial date. The few months' aggregate delay caused by this misconduct does not amount to such "significant periods of total inactivity" as to justify dismissal with prejudice.[8] Moreover, Lopez's conduct, while careless, inconsiderate, and understandably exasperat-

**3.** See also Fed.R.Civ.P. 37(b)(2)(C).

**4.** Price v. McGlathery, 792 F.2d 472, 474 (5th Cir.1986) (per curiam) (citing Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982)).

**5.** Price, 792 F.2d at 474 (citing Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir.1985) (per curiam)).

**6.** Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427, 429 (5th Cir. 1987).

**7.** John v. Louisiana, 757 F.2d at 714.

**8.** Morris v. Ocean Systems, 730 F.2d 248, 252 (5th Cir.1984).

ing to a conscientious trial judge, more closely approximates the kind of negligence that does not warrant dismissal with prejudice[9] than the stubborn resistance to authority that does.[10]

The facts on which we have affirmed dismissals with prejudice reveal either greater delay, bad faith, or persistent disobedience to court orders than is evident in this case. In *Truck Treads, Inc. v. Armstrong Rubber,* this court accepted the district court's findings of bad faith in counsel's representation of the plaintiff while simultaneously representing a potential defendant in the action, in counsel's repeated violations of the federal and local rules of civil procedure during pleading and discovery, and in counsel's filing of a mirror-image state court action in an attempt to force defense of the lawsuit on two fronts at once.[11] These facts more than justified the inference that the plaintiff was prolonging the litigation to harass the defendant. In *Price v. McGlathery,* the plaintiff's counsel not only failed *ever* to file a pretrial order, but also neglected for ten months to certify his intent to comply with standing pretrial rules and instructions, and then failed to attend a pretrial conference.[12] The Supreme Court has held the last of these transgressions so serious that, in the context of other delay, it will justify dismissal with prejudice.[13] Finally, counsel for the plaintiff in *Callip v. Harris County Child Welfare Department* missed nine deadlines imposed by procedural rules or court orders and compounded the delay by commencing and then abandoning an appeal from a district court order itself entered because of his failure to comply with a court deadline.[14]

In contrast to such bad faith and defiance, Lopez's conduct was simply careless. His lack of diligence recalls that of the plaintiff's counsel in *Rogers v. Kroger Co.*[15] who missed a court deadline for filing a motion for class certification, requested six continuances before trial, and then announced on the trial date that they were unprepared to proceed.[16] At least Lopez was apparently fully ready for trial on the date the court set; in this respect he was less blameworthy than Rogers's counsel. Yet this court reversed the dismissal in *Rogers* on the grounds that counsel had been inept but not purposely obstructive.[17] We reverse on the same grounds here.

We note, however, that unlike the trial judge in *Rogers,*[18] the trial judge in this case did impose less severe sanctions before dismissing with prejudice. He never acted on the question, reserved by the magistrate, whether Lopez should pay the costs and attorney's fees accrued by the university in connection with its motion to compel discovery, but he did dismiss the action without prejudice, and Lopez continued to disobey court orders. Still, lesser sanctions than dismissal with prejudice would have served the best interests of justice. The district court found and the record shows Dr. John innocent of any misconduct. While recognizing that a party is "bound by the acts of his lawyer-agent"[19] and may suffer dismissal with prejudice if his counsel is chargeable with clear delay or contumacy, the proper punishment for an inept lawyer is to assess fines, attorney's fees, or costs against the lawyer without harming the client.

Sanctions against Lopez would also ameliorate one of the aggravating factors identified by the trial judge. The judge found

---

9. *Morris,* 730 F.2d at 253; *Rogers,* 669 F.2d at 321; *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 557–58 (5th Cir.1981).

10. *Price,* 792 F.2d at 474; *Callip,* 757 F.2d at 1519, 1521.

11. 818 F.2d at 430.

12. 792 F.2d at 474.

13. *Id.* at 475; *Link v. Wabash R.R.,* 370 U.S. 626, 635, 82 S.Ct. 1386, 1391, 8 L.Ed.2d 734 (1962).

14. 757 F.2d at 1519, 1521.

15. 669 F.2d 317.

16. *Id.* at 318–19.

17. *Id.* at 322–23.

18. *Id.* at 321–22.

19. *Link,* 370 U.S. at 634, 82 S.Ct. at 1390; *see also Callip,* 757 F.2d at 1522.

that Lopez's misconduct had prejudiced the university by wasting its time and money and facing it with going to trial uninformed of Dr. John's specific allegations while having fully disclosed its own theory of the case. Whatever costs and attorney's fees accumulated because of Lopez's negligence may be assessed against him, if the district court considers it appropriate to do so. The district court is, of course, also free to establish new pretrial procedures and to punish noncompliance in any way appropriate under the decisions of this court and Federal Rules of Civil Procedure 16(f) and 37(b)(2)(B), (C) or (D), including by dismissal with prejudice if called for.

Regarding the other aggravating factors, the district court found no wrongdoing by Dr. John himself, and there is insufficient evidence to support its finding of intentional misconduct by Lopez.

Because we see no clear record of delay or contumacious conduct, and lesser sanctions would have been more just, we reverse the dismissal.

### III.

Dr. John requests that we declare the pretrial procedures imposed by the district court so burdensome as to violate the Federal Rules of Civil Procedure. We decline to do so. Before dismissing the case with prejudice, the trial judge's commendable efforts to "secure the just, speedy, and inexpensive determination of [this] ... action"[20] fell within the discretion authorized by the Federal Rules as well as within the court's "inherent power."[21]

### IV.

For these reasons, we REVERSE the dismissal with prejudice and REMAND for trial and consideration of appropriate sanctions against Dr. John's counsel.

---

**20.** Fed.R.Civ.P. 1.

**21.** *Link,* 370 U.S. at 630–31, 82 S.Ct. at 1388–89.