IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10071
Summary Calendar

_____

Michael Lee Hastey,

Plaintiff/Appellant,

versus

City of Plainview; Chief of Police, Plainview
Police Department; Officer Joe Champion; Officer
Derrick McPherson; and Officer Forrest Chapman,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(5:93 CV 336 C)
_____

(June 23, 1995)

Before JOHNSON, JOLLY and DAVIS, Circuit Judges.[*]

JOHNSON, Circuit Judge:

Michael Lee Hastey brought suit, *pro se* and *in forma pauperis*, against the City of Plainview and against a host of city officials. The district court dismissed the action pursuant to Fed. R. Civ. P. 16(f) because Hastey failed to comply with the court's scheduling order. Hastey appeals and we VACATE and REMAND.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

I.    FACTS AND PROCEDURAL HISTORY

In his complaint, Hastey contended that some defendants conspired to convict him of theft.  Hastey also alleged that one defendant used excessive force against him in connection with a DUI arrest and that other defendants conspired to cover up the use of force.  Finally, Hastey contends that the City of Plainview should have had a policy to screen overly aggressive police officers and to review the actions of those officers.

The defendants implicated in the alleged conspiracy to convict Hastey of theft, which included a judge and three prosecuting attorneys, were granted summary judgment by the district court on July 7, 1994.  Hastey's claims against those defendants were severed from the instant case.

The remaining defendants, who are the appellees herein, also filed a motion for summary judgment on qualified immunity grounds.  That motion, however, was denied.  Additionally, the defendants moved for sanctions against Hastey for failing to attend his scheduled deposition and the defendants requested that the court compel Hastey to attend a later-scheduled deposition. These motions were denied as well.

The district court, on July 1, 1994, issued a pretrial notice and order instructing the parties to submit their proposed pretrial orders and other documents on December 19, 1994.  The court warned that, should any attorney fail to comply with this order, dismissal or any other appropriate sanction might be appropriate.  As Hastey failed to comply with this order, the

2

district court, on December 20, 1994, dismissed[1] Hastey's complaint pursuant to Fed. R. Civ. P. 16(f).  Hastey timely appealed this dismissal.

II.  DISCUSSION

This Court liberally construes the briefs of *pro se* litigants.  *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).  Construed liberally, Hastey contends in his brief that the district court erred in dismissing his complaint for failure to comply with the scheduling order.

Federal Rule of Civil Procedure 16(f) provides that a court may impose penalties, including a dismissal with prejudice, "[i]f a party or party's attorney fails to obey a scheduling or pretrial order."  We review a district court's decision to dismiss under Rule 16(f) only for an abuse of discretion.  *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).  However, because a dismissal with prejudice is such a harsh sanction, the district court should employ this penalty only when there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not serve the best interests of justice.[2]  *John v. State of Louisiana*, 828 F.2d 1129, 1131 (5th

---

[1]  The district court did not indicate whether this dismissal was with or without prejudice.  Generally, though, a judgment that is silent regarding prejudice operates with prejudice.  *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993).

[2]  Additionally, most courts affirming dismissals have found at least one of three aggravating factors: 1) delay caused by the plaintiff  himself and not his attorney; 2) actual prejudice to the defendant; or 3) delay caused by intentional conduct.  *Price*, 792 F.2d at 474.

Cir. 1987); *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

In the instant case, the record does not reflect a clear pattern of delay or contumacious conduct by Hastey. It is true that Hastey did not show up at his scheduled deposition, but the district court denied the defendants' motion for sanctions on that issue. Beyond that failure, there is little to show contumacy or intentional delay. The most that can be said is that Hastey filed his complaint and took no further action.

Moreover, no other sanction was ever employed nor is there anything in the record to inform us as to whether the district court ever even considered the efficacy of lesser sanctions. Instead, only one day after the final date for compliance with the pre-trial order, the district court jumped immediately to a death penalty sanction.

In their brief to this Court, the defendants argue that no lesser sanction would have served the ends of justice because Hastey, who was proceeding *in forma pauperis*, would have been unable to satisfy any monetary sanction. It may be that no other sanction would have sufficed. However, we are hampered in making that determination because of a lack of such a finding by the district court. *See Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) (when a district court dismisses with prejudice findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of discretion).

Undoubtedly, some sanction was warranted for the failure of

Hastey to comply with the district court's order. We cannot, though, on this record, justify a dismissal with prejudice when no other sanctions have been tried or even considered. Accordingly, we remand the case to the district court for consideration of the efficacy of lesser sanctions.[3] *Id.*

III. CONCLUSION

For the reasons stated above, we VACATE the judgment of the district court and REMAND this case for proceedings consistent with this opinion.

---

[3] Hastey seeks the appointment of counsel in his appeal arguing that he is unable to protect his rights owing to the effects of certain prescription drugs he takes, his lack of legal training and the complexity of the issues. However, there is no automatic right to the appointment of counsel in a case pursuant to 42 U.S.C. § 1983. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986). In fact, a court is not required to appoint counsel in the absence of "exceptional circumstances." *Cupit v. Jones*, 835 F.2d 83, 86 (5th Cir. 1987). We see nothing exceptional in these circumstances and we decline to appoint counsel for Hastey.