**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60037

(Summary Calendar)
_____

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

                Plaintiff-Appellant,

versus

PEARL RIVER VALLEY POWER
ASSOCIATION,

                Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(2:94-CV-216PS)
_____

(October 20, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff, National Association For the Advancement of Colored People ("NAACP"), appeals from the district court's order dismissing its case without prejudice for failure to state a claim and failure to prosecute. We affirm.

I

NAACP filed a complaint against Pearl River Valley Power

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Association ("Pearl") alleging that Pearl had discriminated against "African Americans" in its employment practices. NAACP's counsel failed to serve the complaint until more than three months after it was filed. Pearl then filed a motion to dismiss the complaint for lack of standing, failure to identify any aggrieved persons, and failure to seek the proper relief.

NAACP failed to respond to Pearl's motion. Thirty-seven days after the deadline for NAACP's response, the district court, pursuant to the local rules, entered an order *sua sponte* requiring NAACP to respond to the motion within eleven days and to show cause why sanctions should not be imposed for failure to comply with the local rules. NAACP again failed to respond to the district court's order. Two days after the deadline for NAACP's response had passed, the district court entered a *nunc pro tunc* order to allow NAACP to file its response late.

However, NAACP never *filed* a response. Instead it sent a request to Pearl's counsel and the district court acknowledging that the complaint should be amended and requesting fifteen days to amend it. A magistrate judge ordered that motions to amend be made within approximately thirty days. NAACP never filed a motion to amend or amended its complaint.

Pearl's counsel wrote twice to the district court, with copies to NAACP's counsel, requesting that the court rule on its motion to dismiss. Ten months after NAACP stated that it needed to amend its complaint but failed to do so, the court finally dismissed NAACP's claim without prejudice on the grounds that the complaint was

insufficient and that NAACP had failed to reasonably prosecute its claim.

NAACP contends that the district court erred in dismissing its claim for want of prosecution.[1] Although the district court dismissed NAACP's claims without prejudice, NAACP claims that the dismissal was actually with prejudice because its Title VII claim will now be time barred.[2] NAACP contends that the district court's dismissal does not meet the tougher standards we apply on review of claims dismissed with prejudice. We review a dismissal with prejudice for failure to prosecute for abuse of discretion. *Berry v. Cigna/RSI-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992). Recognizing the severity of a dismissal with prejudice, we will affirm such dismissals for failure to prosecute "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* at 1191 (footnote and citations omitted). In most cases where we have affirmed a dismissal with

---

[1]    Because we affirm the dismissal for failure to prosecute, there is no need for us to consider NAACP's argument that the district court erred in dismissing its claim for failure to state a claim.

[2]    A party must bring an action under Title VII within ninety days of receiving a right-to-sue letter from the EEOC. *Berry v. Cigna/RSI-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992). "If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." *Id.* (citing *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th Cir. 1988)). Therefore, even if a complaint is dismissed without prejudice, if the litigant will thereafter be time-barred from bringing his claim, we will treat the dismissal as one with prejudice. *Id.* (citations omitted).

-3-

prejudice there has been at least one of three aggravating factors: (1) the delay is caused by the plaintiff herself, not her attorney; (2) there is actual prejudice to the defendant; or (3) intentional conduct causes the delay. *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). Applying these standards to this case, we find that the district court did not abuse its discretion.

Delay is defined as "significant periods of total inactivity." *Morris v. Ocean Systems Inc.,* 730 F.2d 248, 252 (5th Cir. 1984). We have been more ready to find delay where a plaintiff has failed to comply with several court orders or rules as opposed to only a few. *See Berry,* 975 F.2d at 1191-92 n.6 (cataloguing cases).

Here, NAACP has failed to comply with almost every order and rule of the district court. We find that NAACP's failure to properly respond to any of Pearl's motions or amend its complaint, after acknowledging the need to, demonstrates the type of intentional delay which warrants a dismissal with prejudice. Our decision is solidified by our familiarity with NAACP's counsel and his blatant refusal to follow court rules and orders both in the district court and in our court.[3] Counsel's failure to respond to the district court's order to respond to Pearl's motion demonstrates the type of intentional conduct which aggravates a bad record of delay and indifference.

---

[3] Our most recent case concerning this particular attorney concluded with the following statement: "[t]he court also notes that [this] attorney's conduct in the district court and in this court raises serious questions about his fitness to practice law. [C]ounsel is reminded of his duty to follow the governing rules of procedure, both in the district court and in this court. We caution counsel that this court has the power to discipline an attorney who fails to comply with these rules." *Foxworth v. Trustmark National Bank,* No. 94-60630 (5th Cir. June 28, 1995) (unpublished opinion).

We commend the district court for its patience and generous attempts to allow NAACP to rectify its errors and express our concern for NAACP's counsel's blatant contempt for the judicial process. As always, we regret penalizing a party for its counsel's errors. However, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant*." *Link v. Wabash R. Co.,* 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). That we are not prepared to do.

## II

For the foregoing reasons, the judgment of the district court dismissing plaintiff's claims is AFFIRMED.