IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20707
_____


ANGELA BLACKWELL,

                         Plaintiff-Appellant

v.

J C PENNEY; KEVIN GEBHARDT,

                         Defendants-Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-2669)
_____

July 11, 1996

Before KING, JONES, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

    Angela Blackwell appeals the district court's dismissal of
her retaliation claim for lack of prosecution and failure to
cooperate in discovery.  We affirm.


**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Angela Blackwell ("Blackwell") brought this action against
her former employer J.C. Penney Company, Inc. and her former
supervisor Kevin Gebhardt (collectively, the "Defendants"),

_____

    [*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

alleging discrimination on the basis of her sex, race, and age, negligent supervision, breach of contract, intentional infliction of emotional distress, and retaliation. The district court granted summary judgment to the Defendants on all claims except the retaliation claim.[1]

Before the trial on the retaliation claim, the Defendants made an oral motion to dismiss for want of prosecution and for failure to cooperate in discovery. In support of this motion, the Defendants informed the court that:(1) as of the date of trial, Blackwell had not presented Defendants with complete answers to their discovery requests, despite a court ordered sanction of $482.50 and two court orders compelling conformance with these discovery requests;(2) Blackwell failed to forward Defendants copies of her response to their motion for summary judgment and the affidavits attached thereto; and (3) Blackwell failed to provide Defendants with a copy of her exhibit and witness lists although both are required pursuant to local rules.

The district court orally granted the Defendants' motion. In a subsequent Memorandum Order, the court held that, by prosecuting the case in bad faith and engaging in contumacious conduct, Blackwell had impeded Defendants' ability to prepare for trial. The court also stated that lesser sanctions would be futile because Blackwell disregarded court orders even after the court had awarded sanctions against her. Blackwell timely appealed.

---

[1]Blackwell does not appeal the summary judgment.

## II. DISCUSSION

On appeal, Blackwell contends that the district court has limited authority to dismiss an action with prejudice and that the court abused its discretion when it dismissed the case for want of prosecution and for failure to respond to discovery. She claims that neither the requisite elements nor the aggravating factors for a dismissal with prejudice have been met. In addition, she argues that even if the requisite elements have been met, the case should not have been dismissed because the disobedient conduct that resulted in the dismissal was that of her former counsel and not her own.

The district court's authority to dismiss under Federal Rules of Civil Procedure 37 and 41(b) has been well established. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see also Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427, 428 (5th Cir. 1987)(dismissal affirmed on basis of district court's finding of bad faith failure to comply with previous discovery order); Bluitt v. Arco Chemical Co., 777 F.2d 188, 189 (5th Cir. 1985)(dismissal affirmed for failure to comply with discovery orders). This court will uphold a district court's involuntary dismissal with prejudice absent an abuse of discretion. Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986); Morris v. Ocean Systems, Inc., 730 F.2d 248, 251 (5th Cir. 1984).

Because dismissal is a harsh sanction, an involuntary dismissal is affirmed only if a clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions

3

would not serve the best interests of justice.  Price, 792 F.2d at 474; Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985); Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985).  Further, this court has stated that most of the cases in which dismissals have been affirmed involved the presence of one or more of the three following "aggravating factors": (1) delay attributable directly to the plaintiff, rather than the attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct.  Price 792 F.2d at 475; Sturgeon, 778 F.2d at 159; Callip, 757 F.2d at 1519.  These aggravating factors, however, are not prerequisites to dismissal.  See Rogers v. Kroger Co., 669 F.2d 317, 320 n.5 (5th Cir. 1982)("The terms 'requisite' and 'aggravating' are used because we assume that the presence of the former can alone justify dismissal."); cf. Price 792 F.2d at 475 (the existence of one aggravating factor, coupled with the record of delay or contumacious conduct and consideration of lesser sanctions, supported a dismissal with prejudice).

Under this standard, we find no abuse of discretion.  The district court determined that Blackwell willfully ignored Defendants' appropriate requests for information, violated two orders of the court, and failed to provide Defendants with witness and trial exhibit lists before trial.  In addition, because Blackwell failed to cooperate in discovery even after the court awarded monetary sanctions against her, the court concluded that lesser sanctions would be ineffective.  Cf. Damiani v. Rhode

4

<u>Island Hosp.</u>, 704 F.2d 12, 15 (1st Cir. 1983)("There is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only after all of the other sanctions have been considered or tried.") Finally, the court found two of the aggravating factors present: actual prejudice to the defendant and delay caused by intentional conduct.  Therefore, the district court did not abuse its discretion in dismising Blackwell's claim.

Blackwell also argues that the dismissal unjustly punishes her for the misconduct of her former counsel.  The Supreme Court has held, however, that a plaintiff is responsible for the actions of his attorney.  Accordingly, the district court did not abuse its discretion when it attributed the misconduct of Blackwell's  attorney to Blackwell. <u>See</u> <u>Link</u>, 370 U.S. at 633-34; <u>see also</u> <u>Pryor v. United States Postal Serv.</u>, 769 F.2d 281, 288 (5th Cir. 1985)(holding that mistakes of counsel are chargeable to the client, particularly in civil litigation).


**III. CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.