IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40387
Summary Calendar

_____


UNITED STATES EX REL, SHAWN KOVACK,
on behalf of themselves and all
those similarly situated, and in
the public interest, UNITED STATES
EX REL, KRISTINE STARK, on behalf of
themselves and all those similarly
situated, and in the public interest,

                                        Plaintiffs-Appellants,

                        versus

AT&T,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(C-96-CV-53)
_____
December 6, 1996

Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:*

    Shawn Kovack and Christine Stark appeal the district court's

orders dismissing their complaint and denying reconsideration of

their complaint against AT&T for allegedly overbilling calls from

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

public telephones in excess of published rates, in violation of 47 U.S.C. 151 *et seq.*

The district court dismissed appellants' suit with prejudice when they failed to appear for a pre-trial conference. The complaint was filed on January 29. On January 30 the court ordered an initial scheduling conference for February 16, and on February 6 the conference was reset for February 20. Appellant Stark told the court that they were instructed by court personnel to send a letter from their home in Pennsylvania to postpone the conference. Later, told to file a motion, they did. Thereafter, appellants say that Kovack was unable to attend the conference because of being in official custody and Stark had to attend her seriously injured brother in Washington, D.C. Nevertheless, the court dismissed the case on February 20. There being no clear record of delay or contumacious conduct by plaintiffs, dismissal was an abuse of discretion. See *John v. State of Louisiana,* 828 F.2d 1129 (5th Cir. 1987).

Judgment vacated, cause remanded.