**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-30006
Summary Calendar
_____

DEITRA BETHEL,

Plaintiff-Appellant,

VERSUS

WOODS HAVEN SENIOR CITIZEN HOME INC.; BARBARA TILEY, RN; H.P.
TARPLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(98-CV-1832
_____
August 9, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Deitra Bethel appeals the district court's order dismissing with prejudice her wrongful termination action for failure of her attorney to comply with a scheduling order and pretrial order of the court. For the reasons that follow, we reverse and remand.

I.

Bethel brought this wrongful termination action under Title VII of the Civil Rights Act of 1964 and 1991 and 42 U.S.C . §

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

20003, et seq.  On September 26, 1998, the district court ordered the plaintiff to initiate a conference with defense attorneys to prepare a "plan of work" and submit it for court approval.  No conference was held, nor was a plan of work filed.  On April 26, 1999, the district court scheduled a pretrial conference for December 4, 1999 and ordered that pretrial stipulations be filed two weeks prior the conference.  The district court's order expressly made the plaintiff responsible for preparing and filing the pretrial stipulations and for arranging a prior meeting between the parties.  The pretrial stipulations were not filed until the date of the pretrial conference.  Because the plaintiff failed to comply with the district court's orders concerning pretrial filings, the case was dismissed with prejudice, pursuant to Federal Rule of Procedure 16(f).[1]  Bethel appeals the dismissal.

---

[1]Federal Rule of Civil Procedure 16(f) provides that:
> If a party or party's attorney fails to obey a scheduling or pretrial order or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Under Federal Rule of Civil Procedure 37(b)(2)(B), (C), (D), potential sanctions include, but are not limited to:  a preclusion order, an order striking a pleading, an order staying proceedings, an order of dismissal, default judgment, and an order of contempt.

II.

We review the district court's entry of sanctions under FRCP 16(f) for abuse of discretion. Securities and Exchange Commission v. First Houston Capital Resources Fund, Inc., 979 F.2d 380, 381 (5th Cir. 1992). However, because of the harshness of a sanction of dismissal, we will affirm only where there is a "clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not serve the best interests of justice." Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)); John v. Louisiana, 828 F.2d 1129, 1131 (5th Cir. 1987); Callip v. Harris County Child Welfare Department, 757 F.2d 1513, 1519 (5th Cir. 1985). "Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings." Bann v. Ingram Micro, Inc., 108 F.3d 625, 627 (5th Cir. 1997).

In most cases where this court has affirmed a sanction of dismissal, at least one of the following three aggravating factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Price, 792 F.2d at 474; see also Callip, 757 F.2d at 1519. Although a party is bound by the acts of his attorney "and may suffer dismissal ... if his counsel is chargeable with clear delay or contumacy, the proper punishment for

3

an _inept_ lawyer is to assess fines, attorney's fees, or costs against the lawyer without harming the client." John, 828 F.2d at 1132 (emphasis added).

## III.

We agree with Bethel that the record in this case does not support a sanction of dismissal. There is no clear record of delay or contumacious conduct by the plaintiff. In John, 828 F.2d at 1131, we found no clear record of delay or contumacy where the plaintiff was late in filing his response to discovery requests, in submitting a pretrial order, and in submitting other pretrial filings ordered by the court. We found the few months of delay caused by the misconduct of the plaintiff's attorney insufficient justification for dismissal, particularly where the conduct resulted from negligence rather than bad faith or persistent disobedience. Id. at 1131-32.

For conduct to be contumacious, it must be more than negligence, "regardless of how careless, inconsiderate, or understandably exasperating;" rather, the conduct must be "stubborn resistance to authority." McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988).[2] In McNeal, we found insufficient evidence in the record from which to determine whether plaintiff's conduct was contumacious. Id. at 792-93. In Bethel's case also, we find the record to be insufficient in this regard. Likewise, the district

---

[2] McNeal involved a dismissal sanction under FRCP 41(b) rather than FRCP 16(f). However, our analysis on appeal is the same. Price, 792 F.2d at 474.

4

court's opinion contains no finding of bad faith or intentional disobedience by the plaintiff.

We have, of course, affirmed the sanction of dismissal in a number of cases. The facts in those cases are distinguishable from those in the instant case. In Bluitt v. Arco Chemical Co., 777 F.2d 188 (5th Cir. 1985), the plaintiff failed to comply with three prior district court orders to more fully answer the defendant's interrogatories. The court also expressly warned the plaintiff that further failure to comply would result in dismissal. Id. at 190. The district court made specific findings of bad faith and evasiveness by the plaintiff and her attorney, and found that lesser sanctions would be ineffective because plaintiff had disregarded its prior orders. Id. at 191.

In Price, 792 F.2d at 472, we affirmed dismissal sanctions where the plaintiff twice failed to comply with a pretrial filing order, was warned by the district court, and then failed to appear at the pretrial conference. Prior to dismissing the case, the district court had stayed the proceedings, dismissed the case, and then reinstated it; thus, the district court concluded than dismissal was the only appropriate sanction. Id. at 475.

Finally, in Callip, 757 F.2d at 1519-20, the district court dismissed the case after plaintiff missed a filing deadline in a pretrial order. However, before missing this deadline, the plaintiff had failed to comply with at least nine deadlines imposed by rules or court orders, despite being provided with additional time to comply on at least five occasions. Id. at 1519-20.

In addition to the absence of a clear record of delay or contumacious conduct by the plaintiff in this case, the district court's order of dismissal does not indicate that lesser sanctions were considered. "[E]ven if the record teems with instances of delay or other egregious behavior, a district court cannot impose the extreme sanction of dismissal 'unless [it] first finds that a lesser sanction would not have served the interests of justice.' A silent record is inadequate. We shall not infer that the district judge weighed alternative sanctions; he must have 'expressly considered' them." Securities and Exchange Commission, 979 F.2d at 382 (quoting McNeal, 842 F.2d at 793 and Callip, 757 F.2d at 1521).

Even without express consideration by the district court of alternate sanctions, we may still affirm if the record indicates that the district court had employed lesser sanctions prior to dismissal which proved to be futile. See Callip, 757 F.2d at 1521; see also McNeal, 842 F.2d at 793 (no lesser sanctions imposed before plaintiff's case dismissed). However, we find no indication from the record that the district court in today's case imposed prior sanctions against Bethel before dismissing her complaint.

Finally -- as to the existence of aggravating factors -- the record fails to reveal that any delay caused by plaintiff's failure to comply either prejudiced the defendant or was caused by intentional rather than negligent behavior on the part of counsel. There is no evidence that the delay can be attributed to Bethel herself rather than her attorney.

6

We do not condone the conduct of Bethel's attorney in this case and we understand the frustration of the busy district court judge in dealing with dilatory, irresponsible counsel.  However, because the record does not support a sanction of dismissal, we must reverse the district court's order dismissing Bethel's complaint.  We remand to the district court to consider imposition of a lesser appropriate sanction and for further proceedings.

REVERSED and REMANDED.