United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

N° 05-20608
Summary Calendar

_____

RENEE HICKMAN,

Plaintiff-Appellant,

VERSUS

FOX TELEVISION STATION, INC.; KRIV TV FOX 26,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
N° 4:04-CV-1936

_____

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Renee Hickman appeals the dismissal of her employment discrimination suit. Finding no error, we affirm.

I.

Hickman sued her former employer, Fox Television Station, Inc., and KRIV TV Fox 26 (collectively "Fox"), alleging race and sex discrimination, hostile work environment, and prohibited retaliation under title VII of the

Civil Rights Act of 1964. She now lives and works in Kuwait.

The magistrate judge, to whom the case was referred by agreement, dismissed Hickman's suit for failure to prosecute and repeated neglect of discovery orders. Hickman's persistent delinquency throughout the discovery process is well catalogued in the court's memorandum opinion.

In summary, Hickman filed her witness list with the court over one month after the deadline set by court order. She did not respond to Fox's initial interrogatories and production requests until more than a month after the agreed-upon date. The responses were unverified and incomplete. When ordered to amend her responses, Hickman failed to produce the audio tapes that were the chief evidence on which she based her allegations.

The court granted Fox's motion to compel production of the tapes and all other relevant responses to its initial discovery requests. Despite numerous promises to do so, Hickman never produced the tapes, in direct contravention of the court's order. She claimed the tapes were locked in storage and that her lawyers could not retrieve them because she had the only key and was in Kuwait.

Because of Hickman's failure to respond fully to discovery, her first deposition was inadequate. On April 29, 2005, the court gave her ten days to set a date for a second deposition, but she failed to do so. A month later, her counsel informed the court that Hickman could not return to the United States for a deposition until at least February 2006.

Fox moved to dismiss, reasoning that Hickman had failed to prosecute her case and had violated a number of orders. In response,

Hickman moved for a continuance so she could complete her work assignment in Kuwait before proceeding further. She could not provide a firm date by which she could be available, and her deposition testimony indicated that she planned to work in Kuwait indefinitely. The court denied the motion for continuance and dismissed the case without prejudice.

II.

Although the district court dismissed without prejudice, it also correctly noted that because the statute of limitations has expired on most of Hickman's claims, the dismissal of those claims will be treated on appeal as a dismissal with prejudice. See *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

We review for abuse of discretion a dismissal with prejudice for failure to prosecute. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). We will affirm dismissals with prejudice for failure to prosecute where (1) there is a plain record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191 (citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)); *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006 (per curiam). This court also generally looks for at least one of three aggravating factors: (1) delay caused by the plaintiff and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Price*, 792 F.2d at 474.

The magistrate judge issued a detailed opinion explaining the legal and factual basis for

the dismissal. That opinion documents Hickman's repeated failure to comply with discovery orders and her persistent unwillingness to make herself available in person to be deposed after being ordered to do so. We have upheld dismissals with prejudice in cases in which the plaintiff exhibited similar disregard for the court's orders.[1] The court applied the correct legal test and determined that Hickman's actions amounted to "contumacious conduct." The court also expressly found that lesser sanctions would not prompt a more expeditious prosecution of the case. Those determinations are supported by the record and are not an abuse of discretion.

All three aggravating factors are present here. The delay was caused by Hickman, not her attorneys. She failed to arrange for the audio tapes to be removed from storage after being ordered to produce them, and she refused to make herself available for a deposition in accordance with the court-ordered time line. This behavior was plainly intentional and prejudiced Fox by forcing it to spend unnecessary legal fees in the preparation of discovery requests and depositions that were rendered fruitless by Hickman's intentional delay.

AFFIRMED.

---

[1] *See, e.g.*, *Price*, 792 F.2d at 474-75 (finding contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with orders); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (finding contumacious conduct where counsel failed to comply with numerous deadlines).