# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2012

No. 11-30921
Summary Calendar

Lyle W. Cayce
Clerk

VERNON J. TATUM, JR.,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-506

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Vernon Tatum is indebted to the Small Business Administration on a small business loan. Tatum filed this suit pro se, alleging that "representatives of the S.B.A. are . . . intentionally forwarding its monthly billing statements, dated and metered postmarked after the due date to generate additional interest and/or subject [Tatum] to a state of delinquency." The district court dismissed Tatum's claim for lack of subject-matter jurisdiction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30921

after finding that Tatum failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). The district court was correct that Tatum cannot bring his claim under the FTCA. We nevertheless VACATE the district court's judgment and REMAND the case for consideration of jurisdiction under the SBA's "sue and be sued" clause, 15 U.S.C. § 634(b).

A claimant may bring an FTCA claim only after he "ha[s] first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Pursuant to 28 U.S.C. § 2672, the Attorney General has established regulations prescribing steps an FTCA plaintiff must take in order to present his claim. 28 C.F.R. §§ 14.1-14.11. One regulation requires that the claimant send the agency concerned a written notification of the incident underlying his claim, along with a demand for "money damages in a sum certain." 28 C.F.R. § 14.2(a). The district court ruled that two letters Tatum submitted to the SBA's Deputy Inspector General did not include the required "sum certain" demand. We express no opinion regarding that conclusion because there is a separate obstacle to FTCA jurisdiction over Tatum's claim.

The FTCA waives the United States's sovereign immunity for "tort claims." 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.") Tatum's complaint describes the SBA's mishandling of his loan as "Intentional And/Or Negligent Tort behavior," but his specific factual allegations are suggestive of an action for breach of his loan agreement with the SBA. The only potentially applicable tort theories would seem to be fraud or possibly negligent misrepresentation of the amounts owed on Tatum's loan. Claims arising from "misrepresentation" or "deceit" are among several types of tort claim that are

No. 11-30921

excluded from the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h). Tatum's allegations thus fall outside the FTCA's waiver of sovereign immunity and 28 U.S.C. § 1346(b)'s corresponding grant of jurisdiction.

To the extent Tatum brings a breach of contract claim against the SBA, the district court may have jurisdiction to hear his claim under 15 U.S.C. § 634(b), which empowers the SBA's administrator to sue and be sued and gives district courts jurisdiction to hear such suits:

> (b) Powers of Administrator
>
> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may--
>
> (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.]

Although tort claims against the SBA can proceed, if at all, only under the FTCA, § 634(b) constitutes a waiver of sovereign immunity with respect to breach of contract claims against the SBA. *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1461-62 (5th Cir. 1986).

Tatum is pro se, so we interpret his pleading liberally. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The substance of Tatum's allegations may assert a contract claim, but it is unclear whether Tatum intended to sue the SBA or the United States.[1] The district court can determine the scope of Tatum's intended claim on remand, and if necessary give him the opportunity to amend his complaint to more clearly identify the legal basis of his claim and the entity

---

[1] The civil cover sheet for the case identifies the United States as the defendant, and Tatum's complaint lists "United States of America" in its caption. But the complaint's second paragraph states that "[m]ade defendant herein, is the United States Small Business Administration . . . ," and the summons for the suit was served on the SBA's Inspector General, Peter L. McLintock.

No. 11-30921

he wishes to sue. *See Pena v. United States*, 157 F.3d 984, 986-87 (5th Cir. 1998).[2]

In remanding the case for *consideration* of jurisdiction under § 634(b) we express no opinion on whether Tatum has exhausted any administrative procedures that may be required to bring suit under that provision.

We VACATE the district court's judgment and REMAND the case for proceedings consistent with this opinion.

---

[2] We note that an amended breach of contract claim may also fall within the Little Tucker Act's waiver of sovereign immunity and grant of federal jurisdiction, 28 U.S.C. § 1346(a)(2), if the amended complaint waives Tatum's right to recover in excess of $10,000. *See Woodard v. Marsh*, 658 F.2d 989, 992 (5th Cir. 1981).