# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2013

No. 13-30036
Summary Calendar

Lyle W. Cayce
Clerk

VERNON J. TATUM, JR.,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-506

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vernon J. Tatum, Jr., proceeding *pro se*, appeals from the district court's dismissal of his suit against the United States after Tatum failed to comply with an order to inform the court of his causes of action. We AFFIRM.

In March 2011, Tatum filed suit in the United States District Court for the Eastern District of Louisiana against the Small Business Administration ("SBA"). He alleged that the defendant was sending him monthly billing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30036

statements after his payments became due in order "to generate additional interest and/or subject [Tatum] to a state of delinquency." The exhibits to his complaint suggest that the activity began in December 2009 and related to two loan accounts being serviced by the SBA. A letter from a director in the SBA's Office of Financial Assistance stated that Tatum never provided the payment that was due in November 2009. Consequently, as Tatum made each new payment, his account remained in arrears.

In a ruling earlier than the one now on appeal, the district court granted the Government's motion to dismiss for lack of jurisdiction. The basis was that Tatum had not exhausted his administrative remedies under the Federal Tort Claims Act. In the initial appeal, we agreed that the district court lacked jurisdiction over Tatum's tort claims but remanded for a consideration of a breach-of-contract claim against the SBA. *Tatum v. United States*, 465 F. App'x 313, 315 (5th Cir. 2012). We held that "the district court may have jurisdiction to hear his claim under 15 U.S.C. § 634(b), which empowers the SBA's administrator to sue and be sued and gives district courts jurisdiction to hear such suits." *Id.* A claim could "fall within the Little Tucker Act's waiver of sovereign immunity and grant of federal jurisdiction, 28 U.S.C. § 1346(a)(2)," under certain conditions. *Id.* at 315 n.2. We stated: "The district court can determine the scope of Tatum's intended claim on remand, and if necessary give him the opportunity to amend his complaint to more clearly identify the legal basis of his claim and the entity he wishes to sue." *Id.* at 315.

On remand, the district court ordered Tatum to inform the court by May 25, 2012, whether he intended to proceed against the SBA. On May 25, Tatum filed a motion for an extension of 60 days' time, which the court granted and

2

No. 13-30036

required a response to the district court's order by July 24. On that date, Tatum filed a response and expressed an intent "to pursue [his] claims to the fullest extent." The district court construed the submission as notice of his intent to proceed solely against the SBA. The court ordered Tatum to inform it of his intended causes of action, including whether he intended to assert a breach-of-contract claim, by October 31. The court warned that if Tatum failed to do so by the deadline, his complaint could be dismissed. On November 7, the court, not having received any response from Tatum, dismissed the complaint without prejudice. Tatum appeals.

We review the district court's involuntary dismissal for an abuse of discretion. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). A court has authority to dismiss a lawsuit for failure to prosecute or comply with the court's orders. Fed. R. Civ. P. 16(f)(1)(C), 41(b). On appeal, Tatum argues that the district court did not explicitly order him to amend the complaint. Regardless of the district court's phrasing, it was clear that Tatum was to flesh out his causes of action by the stated date. Tatum cites to us the rule that allows amendments to complaints. Fed. R. Civ. P. 15(a). That Rule does not mean that after a district court has given a *pro se* litigant ample opportunity to plead his claims in some way, that the court is barred from dismissing.

Tatum does not present an argument or provide citation to legal authority to support a finding that the district court abused its discretion. We therefore do not address his contention. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We note that the dismissal was without prejudice. The Government states in its brief that the statute of limitations has not run, and Tatum may still bring a claim. Had the statute of limitations expired, we would need to consider

3

No. 13-30036

the dismissal as having been with prejudice. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  We do not so consider it.

AFFIRMED.